IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMA INVESTMENTS, L.L.C., a foreign
corporation, JAMA HOLDINGS, L.L.C.,
a foreign corporation, d/b/a BEE HIVE HOMES
LOS ALAMOS, and WARRIORS, INC.,

       Plaintiffs,

vs.                                                                              No. CIV 04-1173 JB/ACT

INCORPORATED COUNTY OF LOS ALAMOS;
COUNTY COUNCIL OF THE INCORPORATED
COUNTY OF LOS ALAMOS; GARY JEPSON,
in his official capacity as Acting Director of the
LOS ALAMOS COMMUNITY DEVELOPMENT
DEPARTMENT; KELLY CARPENTER, in her
official capacity as Director of the LOS ALAMOS
COMMUNITY DEVELOPMENT DEPARTMENT, and
the LOS ALAMOS PLANNING AND ZONING COMMISSION,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on: (i) Plaintiffs' Motion for Appointment of Expert, filed February 13, 2006 (Doc. 79); and (ii) Defendant's Motion for Appointment of Expert, filed February 14, 2006 (Doc. 80). The primary issue is whether the Court should appoint each party's expert so that the cost of each expert can be taxed under 28 U.S.C. § 1920 and Local Rule 54.2(c)(2). Because the parties have outlined no basis for appointing their experts, other than as a basis to tax the costs of the experts, the Court will deny both motions.

       Rule 706(a) of the Federal Rules of Evidence recognizes district courts' inherent authority to appoint expert witnesses:

> The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

See also 4 Weinstein's Federal Evidence § 706.02 (2d ed. 2005)("Rule 706 codifies the judge's inherent power to appoint expert witnesses . . . in civil and criminal cases."). The United States Court of Appeals for the Tenth Circuit has explained that "[a] court's authority to appoint an expert under Rule 706 is discretionary and we may only overturn the denial of such a motion for abuse of discretion. Under this standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Cestnik v. Fed. Bureau of Prisons, 84 Fed. Appx. 51, 53 (10th Cir. 2003)(citing Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002), and Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994))(internal quotations omitted).

28 U.S.C. § 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs . . . [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." Local Rule 54.2(c)(2) explains that "[a]n expert witness fee is not taxable under 28 U.S.C. § 1920 unless the Court, sua sponte or on motion by a party, appoints the expert and approves the fee amount. An expert witness not appointed by the Court will be paid the same fee as a lay witness." The United States Court of Appeals for the Eleventh Circuit has stated that "a federal court may tax expert

witness fees in excess of the $ [40]-per-day limit set out in [28 U.S.C.] § 1821(b) only when the witness is court-appointed." Morrison v. Reichhold Chems., 97 F.3d 460, 464 (11th Cir. 1996)(citations and internal quotations omitted).

The parties' sole ground for their motions is that their experts' fees cannot be taxed unless the Court grants their motions. See Plaintiffs' Motion for Appointment of Expert at 1; Defendant's Motion for Appointment of Expert at 1. The parties, however, do not distinguish how their situations are different from that of any other litigant who wishes to present an expert witness's testimony at trial. Although rule 706(a) evinces Congress' intent that courts may appoint experts when the need arises, rule 706(a) does not state a blanket rule that, in any case, the Court should appoint experts for the sole purpose of taxing costs.

Exercising its broad discretion to appoint experts, the Court finds no good reason to appoint the parties' experts at this time. The issues in this case, though difficult, are not "unwieldy, complex, or technical." 4 Weinstein's Federal Evidence § 706.02[3]. The Court does not believe there is a need for "an impartial, independent assessment of a disputed issue," id.; given that the parties seek to appoint their own experts, the parties apparently also do not feel that independent experts are desirable. The parties have not indicated that their financial situations preclude the presentation of expert testimony. Without more, the Court sees no justification for appointing the parties' experts.

It may be, however, that the parties can achieve a similar result by entering into a contract or stipulated order in which they agree to shift certain costs to the prevailing parties. The courts routinely enforce agreements that provide fees and costs to the prevailing party. See, e.g., Matthews v. C.E.C. Indus. Corp., 1999 U.S. App. LEXIS 33396, at *31-32 (10th Cir. December 21, 1999); Rocky Mt. Microsystems, Inc. v. Public Safety Sys., Inc., 1999 U.S. App. LEXIS 5299 at * 11-12

(10th Cir. March 25, 1999).[1]  Accordingly, it may be that the parties can, by agreement, agree to shift the cost of their experts.

**IT IS ORDERED** that Plaintiffs' Motion for Appointment of Expert and Defendant's Motion for Appointment of Expert are denied.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE

---

[1] The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition." These unpublished decisions meet both these criteria, and the rules therefore allow citation to these unpublished decisions.

*Counsel:*

Jeffrey A. Dahl
Lamb, Metzgar, Lines & Dahl, P.A.
Albuquerque, New Mexico

– and –

Stanley N. Hatch
Hatch, Allen & Shepherd
Albuquerque, New Mexico

    *Attorneys for Plaintiffs Jama Investments LLC and Jama Holdings, LLC*

Stanley N. Hatch
Hatch, Allen & Shepherd
Albuquerque, New Mexico

– and –

Judd C. West
Doughty & West PA
Albuquerque, New Mexico

    *Attorneys for Plaintiff Warriors, Inc.*

Pamela S. Bacon
Peter A. Dwyer
Daniel A. Gonzales
County Attorneys
Los Alamos, New Mexico

– and –

Randy S. Bartell
Carolyn A. Wolf
Montgomery & Andrews
Santa Fe, New Mexico

    *Attorneys for Defendants*