IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMA INVESTMENTS, L.L.C., a foreign
corporation, JAMA HOLDINGS, L.L.C.,
a foreign corporation, d/b/a BEE HIVE HOMES
LOS ALAMOS, and WARRIORS, INC.,

       Plaintiffs,

vs.                                                                                No. CIV 04-1173  JB/ACT

INCORPORATED COUNTY OF LOS ALAMOS;
COUNTY COUNCIL OF THE INCORPORATED
COUNTY OF LOS ALAMOS; GARY JEPSON,
in his official capacity as Acting Director of the
LOS ALAMOS COMMUNITY DEVELOPMENT
DEPARTMENT; KELLY CARPENTER, in her
official capacity as Director of the LOS ALAMOS
COMMUNITY DEVELOPMENT DEPARTMENT, and
the LOS ALAMOS PLANNING AND ZONING COMMISSION,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on a dispute between the parties that arose on the first day of trial on February 21, 2006, regarding jury instructions. The primary issue is whether, when a plaintiff sues for failure to make a reasonable accommodation, the Fair Housing Amendments Act of 1988 ("FHAA") requires that the plaintiff show that a proffered accommodation was reasonable or that the defendant show that a proffered accommodation was unreasonable. Because Congress borrowed the FHAA's reasonable accommodation standard from the Vocational Rehabilitation Act of 1973 ("RA"), and because the United States Court of Appeals for the Tenth Circuit puts the burden on the reasonableness element on the defendant in RA claims, the Court will require the County to prove, at trial, that the Plaintiffs' proffered accommodation was unreasonable.

**PROCEDURAL BACKGROUND[1]**

On the first day of trial, the County objected to the Court's Second Proposed Preliminary Jury Instructions. See Transcript of Hearing at (taken February 21, 2006).[2] The Second Proposed Preliminary Jury Instructions explained to the jury the elements of the Plaintiffs' reasonable accommodation claim as follows:

> To prove the defendant violated the Federal Fair Housing Act by failing to make a reasonable accommodation, the plaintiffs must prove each of the following elements by a preponderance of the evidence:
>
> First:  That the plaintiffs provide assisted living group homes for the handicapped;
>
> Second:  That providing residential facilities is a part of the plaintiffs' services and facilities;
>
> Third:  That the plaintiffs identified and requested an accommodation of the defendant's zoning code that restricts the number of unrelated persons who can live in assisted living group homes for the elderly in areas zoned for residential use to eight persons;
>
> Fourth:  That the plaintiffs requested the defendant to change its zoning ordinance to allow assisted living group homes for the elderly with up to fourteen residents;
>
> Fifth:  That the plaintiffs' requested accommodation – allowing up to fourteen persons in a residential group home for the elderly – was necessary to afford handicapped persons an equal opportunity to use and enjoy housing; and
>
> Sixth:  That the defendant itself, or through their employees or agents, refused to change its zoning ordinance to allow assisted living group homes for the elderly with up to fourteen residents; and

---

[1] For a more complete factual and procedural history of this case, see Memorandum Opinion and Order at 2-13, filed February 16, 2006 (Doc. 85).

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

> Seventh: As a result of the defendant's failure to agree to the plaintiffs' requested accommodation, the plaintiffs suffered damages.

Court's Second Proposed Preliminary Jury Instructions at 4, filed February 21, 2006 (Doc. 95). The County requested that the Court include in the Court's Final Preliminary Jury Instructions, as an additional element of the Plaintiffs' reasonable accommodation claim, that the Plaintiffs prove that their requested accommodation was reasonable. See Transcript of Hearing at 12:2-14. The Plaintiffs argued that, under FHAA case law from the United States Court of Appeals for the Third Circuit, the County must show that the proffered accommodation was unreasonable. See id. at 13:9-19.

## LAW ON BURDEN OF PROOF IN REASONABLE ACCOMMODATION CLAIMS

The Tenth Circuit has not yet provided express guidance on which party bears the burden of proof in a reasonable accommodation claim. Other Circuits have split on this question. In the Third Circuit, "the plaintiff bears the initial burden of showing that the requested accommodation is necessary to afford handicapped persons an equal opportunity to use and enjoy a dwelling, at which point the burden shifts to the defendant to show that the requested accommodation is unreasonable." Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment, 284 F.3d 442, 457 (3d Cir. 2002). The United States Courts of Appeals for the Fourth, Fifth, Sixth, and Eleventh Circuits allocate the reasonable accommodation burden differently. These Circuits require the plaintiff to show that an accommodation is reasonable, rather than forcing the defendant to show that an accommodation is unreasonable. See Loren v. Sasser, 309 F.3d 1296, 1302 (11th Cir. 2002)(citations omitted); Groner v. Golden Gate Gardens Apts., 250 F.3d 1039, 1045 (6th Cir. 2001); Bryant Woods Inn v. Howard County, 124 F.3d 597, 603-04 (4th Cir. 1997)(citation omitted); Elderhaven, Inc. v. City of Lubbock, 98 F.3d 175, 178 (5th Cir. 1996). The United States Court of Appeals for the Seventh Circuit

employs the following burden-shifting framework: "The burden is on the plaintiffs to show that the accommodation it seeks is reasonable on its face.  Once the plaintiffs have made this prima facie showing, the defendant must come forward to demonstrate unreasonableness or undue hardship in the particular circumstances."  Oconomowoc Residential Programs, Inc. v. City of Milwaukee, 300 F.3d 775, 783 (7th Cir. 2002)(citations omitted).

The Sixth Circuit has explained that courts may look to cases construing the RA's reasonable accommodation language because the report which the House of Representatives issued and which accompanied the FHAA cites to a Supreme Court of the United States case interpreting the Rehabilitation Act.  See Smith & Lee Assocs. v. City of Taylor, 102 F.3d 781, 795 (6th Cir. 1996)("As several courts have noted, the House Report's numerous references to Section 504 indicate that Congress intended courts to apply the line of decisions interpreting 'reasonable accommodations' in [RA] cases when applying the FHAA.").  See also Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 334 (2d Cir. 1995); City of Edmonds v. Washington State Bldg. Code Council, 18 F.3d 802, 806 (9th Cir. 1994), aff'd, 115 S. Ct. 1776 (1995).  The Sixth Circuit arrived at its conclusion that the plaintiff bears the burden of proof on reasonableness by relying on the burden in its RA cases, which also required the plaintiff to show reasonableness.  See Groner v. Golden Gate Gardens Apts., 250 F.3d at 1044 (citing Monette v. Elec. Data Sys. Corp., 90 F.3d 1173, 1183 (6th Cir. 1996)).  The Third Circuit came to its different conclusion by analogizing to its cases under the RA, which placed the burden of showing that an accommodation was unreasonable on the defendant.  See Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment, 284 F.3d at 457.  See also Hovsons, Inc. v. Township of Brick, 89 F.3d 1096, 1103 (3d Cir. 1996)("Our precedents interpreting § 504 of the Rehabilitation Act have held that the burden of proving that a proposed accommodation is not

reasonable rests with the defendant." (citations omitted)).

While the Fourth Circuit did not rely explicitly on the RA in reaching its determination on the reasonableness burden, the Fourth Circuit did recognize that it "may look to [RA] cases to assist us in interpreting the [FHAA]." Bryant Woods Inn v. Howard County, 124 F.3d at 603 (citations omitted). The United States Courts of Appeals for the Second, Seventh, Ninth, and Eleventh Circuits also have articulated a link between the RA's and the FHAA's reasonable accommodation language. See Erdman v. City of Fort Atkinson, 84 F.3d 960, 962 (7th Cir.), rehearing denied, 1996 U.S. App. LEXIS 15428 (7th Cir. 1996); Shapiro v. Cadman Towers, Inc., 51 F.3d at 335; United States v. California Mobile Home Park Management Co., 29 F.3d 1413, 1417 (9th Cir. 1994); Elliott v. Athens, 960 F.2d 975, 981 n.7 (11th Cir. 1992).

> In the Tenth Circuit,
>
> a plaintiff bears the ultimate burden of proving she is 'qualified' within the meaning of the Rehabilitation Act, i.e., that there are jobs available that her disability will nevertheless allow her to do, with or without reasonable accommodation. However, a plaintiff's burden with respect to the plausibility of reasonable accommodation is one of production only. In accordance with section 501 of the Rehabilitation Act's mandate that federal employers act affirmatively to provide reasonable accommodation for disabled workers, this burden of production "is not a heavy one. It is enough for the plaintiff to suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits." Once the plaintiff has made this facial showing that accommodation is possible, the burden shifts to the defendant to prove that accommodating the plaintiff would pose an undue hardship.

Woodman v. Runyon, 132 F.3d 1330, 1334 (10th Cir. 1997). The Tenth Circuit borrowed this standard from the Second Circuit, which instructed that,

> As to the requirement that an accommodation be reasonable, we have held that the plaintiff bears only a burden of production. This burden, we have said, is not a heavy one. It is enough for the plaintiff to suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits. Once the plaintiff has done this, she has made out a prima facie showing that a reasonable

accommodation is available, and the risk of nonpersuasion falls on the defendant. At this point the defendant's burden of persuading the factfinder that the plaintiff's proposed accommodation is unreasonable merges, in effect, with its burden of showing, as an affirmative defense, that the proposed accommodation would cause it to suffer an undue hardship. For in practice meeting the burden of non-persuasion on the reasonableness of the accommodation and demonstrating that the accommodation imposes an undue hardship amount to the same thing.

Borkowski v. Valley Cent. Sch. Dist., 63 F.3d 131, 138 (2d Cir. 1995)(citations omitted).

## ANALYSIS

In this FHAA reasonable accommodation case, the Court will adopt the burden of proof that the Tenth Circuit set forth when evaluating reasonable accommodation claims under the RA. In determining the proper burden of proof, five Circuits have indicated that it is proper to look to cases interpreting the reasonable accommodation provision of the RA because the House Report accompanying the RA indicated that Congress expected courts to interpret the FHAA in a manner consistent with the RA. See Bryant Woods Inn v. Howard County, 124 F.3d at 603; Smith & Lee Assocs. v. City of Taylor, 102 F.3d at 795; Shapiro v. Cadman Towers, Inc., 51 F.3d at 334-35; United States v. California Mobile Home Park Management Co., 29 F.3d at 1416-17; Elliott v. Athens, 960 F.2d at 981 n.7. Seven Circuits – the Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits – have agreed that the cases examining the RA shine light on the proper course of action courts should take in FHAA cases. See Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment, 284 F.3d at 457; Bryant Woods Inn v. Howard County, 124 F.3d at 603; Smith & Lee Assocs. v. City of Taylor, 102 F.3d at 795; Erdman v. City of Fort Atkinson, 84 F.3d at 962; Shapiro v. Cadman Towers, Inc., 51 F.3d at 335; United States v. California Mobile Home Park Management Co., 29 F.3d at 1417; Elliott v. Athens, 960 F.2d at 981 n.7.

There are good reasons that the courts have looked at the RA decisions in cases in which they

have interpreted the FHAA.  House Report No. 100-711, the official legislative history of the FHAA, stated: "The concept of 'reasonable accommodation' has a long history in regulations and case law dealing with discrimination on the basis of handicap."  House Comm. on the Judiciary, Fair Housing Amendments Act of 1988, H.R. Rep. No. 711, 100th Cong., 2d Sess. 18, reprinted in 1988 U.S.C.C.A.N. 2173, 2186.  This sentence of the House Report cites to Southeastern Community College v. Davis, 442 U.S. 397 (1979), which was the first Supreme Court case to interpret § 504 of the RA, see id. at 405.  The Court agrees with those other Circuits that link the FHAA and the RA because the House Report strongly suggests that district courts should take into account cases interpreting the RA when construing the FHAA.

The Court will thus look to how the Tenth Circuit approaches the burden on the reasonableness element in reasonable accommodation claims under the RA.  As Woodman v. Runyon teaches, a plaintiff alleging a failure to make a reasonable accommodation under the RA has an initial burden of production to suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits.[3]  See 132 F.3d at 1334.  Once the plaintiff has made this facial showing that accommodation is possible, the burden shifts to the defendant to prove that accommodating the plaintiff would pose an undue hardship.  See id.

---

[3] Although Woodman's burden of proof standard applies specifically to § 501 of the Rehabilitation Act, which imposes a greater duty on federal employers to act affirmatively to make accommodations than § 504 places on private employers, and the FHAA derives most directly from § 504, see id. at 1342-43, the Court sees no reason to depart from the Woodman standard. Woodman remains the Tenth Circuit's last word on RA burden of proof issues.  The Tenth Circuit has not said that this burden does not apply in § 504 cases.   Also, the case from which the Tenth Circuit adopted the Woodman standard,  Borkowski v. Valley Cent. Sch. Dist., was a § 504 case. See Borkowski v. Valley Cent. Sch. Dist., 63 F.3d at 136-38.  Without further guidance from the Tenth Circuit, the Court is reluctant to stray too far from the Tenth Circuit's pronouncement on the RA's reasonable accommodation burden.

If the burden-of-proof issue were one of first impression, the Court might be inclined to follow the majority of courts and, as in most cases, assign the burden of proof on all issues to the plaintiff. There are good reasons, however, that the FHAA should be interpreted in light of the RA, and seven Circuits have recognized that link. There is no reason to think that the Tenth Circuit would do differently. The Tenth Circuit lays the burden of proof in reasonable accommodation claims under the RA on the defendant. Consistent with that posture, the Court will impose the same burdens on the parties at trial. The Court believes that this position is most consistent with the Tenth Circuit precedent and guidance it has available.

The County points to the Tenth Circuit's two citations to Bryant Woods Inn in its opinion in Keys Youth Servs. v. City of Olathe, 248 F.3d 1267 (10th Cir. 2001), as evidence that the Tenth Circuit would adopt the Fourth Circuit's allocation of the burden of proof. See Transcript of Hearing at 4:17-21 (taken February 22, 2006). The Tenth Circuit's references to Bryant Woods Inn are not determinative, however, because they do not answer whether the Tenth Circuit would follow the Fourth Circuit's lead on the burden of proof. The first citation to Bryant Woods Inn supported the Tenth Circuit's conclusion that an FHAA defendant cannot be liable for refusing to make a reasonable accommodation when the defendant never knew such an accommodation was necessary. See Keys Youth Servs. v. City of Olathe, 248 F.3d at 1275-76.

Before the second citation, the Tenth Circuit had concluded that the City of Olathe was not liable under the FHAA because it did not know, when it denied an accommodation to Keys Youth Services, that the proposed accommodation was necessary. As an alternative basis for its decision, the Tenth Circuit concluded that Keys Youth Services' proposed accommodation was not reasonable in light of the City of Olathe's "legitimate public safety concerns." Id. at 1276. The second citation

-8-

is used to support the Tenth Circuit's statement that, "when a defendant possesses a legitimate nondiscriminatory reason for a housing decision, a plaintiff's requested accommodation must substantially negate the defendant's concern in order to be considered reasonable." Id.  It is unclear from this sentence whether an FHAA defendant must first come forward with a showing that the proffered accommodation is unreasonable – which must then be followed by evidence introduced by the plaintiff that must substantially negate the defendant's evidence – or whether the plaintiff must show as a part of its prima facie case that its accommodation substantially negates the defendant's concern.  Also, for whatever importance attaches to the distinction when it is a Tenth Circuit case, this statement is dicta because the Tenth Circuit's main ground for its holding was that the plaintiff had not informed the defendant of the necessity of the proposed accommodation; the Tenth Circuit then explained that it could reach the same result by finding that the proffered accommodation was unreasonable.  See id.  In addition, the Court will not, given the weight of precedent and legislative history linking the RA and FHAA, disregard the Tenth Circuit's RA law without a clearer indication that such a course is one that the Tenth Circuit intends to chart.  Finally, the Court notes that the Fourth Circuit's FHAA burden of proof mirrors its burden of proof on RA claims; the Fourth Circuit requires an RA plaintiff to show the reasonableness of an accommodation as part of its prima facie case. See Edmonson v. Potter, 118 Fed. Appx. 726, 728 (4th Cir. 2004)(citing Rhoads v. FDIC, 257 F.3d 373, 387 n.11 (4th Cir. 2001)).

    The County also urges the Court to adopt the burden of proof that the Supreme Court of the United States outlined in US Airways, Inc. v. Barnett, 535 U.S. 391 (2002).  In Barnett, the Supreme Court articulated the burden of proof for a reasonable accommodation claim under the Americans with Disabilities Act ("ADA").  See 535 U.S. at 401-02.  According to the Supreme Court, "a

plaintiff/employee (to defeat a defendant/employer's motion for summary judgment) need only show that an 'accommodation' seems reasonable on its face, i.e., ordinarily or in the run of cases. . . . Once the plaintiff has made this showing, the defendant/employer then must show special (typically case-specific) circumstances that demonstrate undue hardship in the particular circumstances." Id. at 402 (citations omitted). The Court does not believe that the Barnett standard impacts the burden of proof in this case. If anything, the Supreme Court's statement undercuts the County's argument. The Tenth Circuit has instructed that the RA requires courts to look to ADA standards only in employment discrimination cases. McGeshick v. Principi, 357 F.3d 1146, 1150 (10th Cir. 2004). See also 29 U.S.C. § 794(d) ("The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990, as such sections relate to employment."). This case, however, does not fall within § 794(d)'s express prescription to follow the ADA, because this is a fair housing case, not an employment case. Furthermore, the Court does not see much daylight, if any, between the Barnett standard and the Tenth Circuit's RA standard, because both require an initial facial showing by the plaintiff – that an accommodation seems reasonable on its face in the former and that an accommodation is facially plausible because its costs do not clearly exceed its benefits in the latter – and both then shift the burden to the defendant to show undue hardship. See US Airways, Inc. v. Barnett, 535 U.S. at 401-402; Woodman v. Runyon, 132 F.3d at 1334. Barnett, then, presents a very similar, if not identical, standard as Woodman.

**IT IS ORDERED** that the Defendant must prove at trial that the Plaintiffs' proffered accommodation was unreasonable.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel:*

Jeffrey A. Dahl
Lamb, Metzgar, Lines & Dahl, P.A.
Albuquerque, New Mexico

– and –

Stanley N. Hatch
Hatch, Allen & Shepherd
Albuquerque, New Mexico

      *Attorneys for Plaintiffs Jama Investments LLC and Jama Holdings, LLC*

Stanley N. Hatch
Hatch, Allen & Shepherd
Albuquerque, New Mexico

– and –

Judd C. West
Doughty & West PA
Albuquerque, New Mexico

      *Attorneys for Plaintiff Warriors, Inc.*

Pamela S. Bacon
Peter A. Dwyer
Daniel A. Gonzales
County Attorneys
Los Alamos, New Mexico

– and –

Randy S. Bartell
Carolyn A. Wolf
Montgomery & Andrews
Santa Fe, New Mexico

      *Attorneys for Defendants*