## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAMA INVESTMENTS, L.L.C., a foreign
corporation, JAMA HOLDINGS, L.L.C.,
a foreign corporation, d/b/a BEE HIVE HOMES
LOS ALAMOS, and WARRIORS, INC.,

       Plaintiffs,

vs.                                                         No. CIV 04-1173 JB/ACT

INCORPORATED COUNTY OF LOS ALAMOS; COUNTY
COUNCIL OF THE INCORPORATED COUNTY OF LOS
ALAMOS; GARY JEPSON, in his official capacity as Acting
Director of the LOS ALAMOS COMMUNITY DEVELOPMENT
DEPARTMENT; KELLY CARPENTER, in her official capacity as
Director of the LOS ALAMOS COMMUNITY DEVELOPMENT
DEPARTMENT, and the LOS ALAMOS PLANNING AND
ZONING COMMISSION

       Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiffs' Motion for New Trial or to Alter or Amend Judgment, filed March 14, 2006 (Doc. 110)("Motion for New Trial"). The Court held a hearing on this motion on May 24, 2006. The primary issues are: (i) whether the evidence presented a trial was sufficient to support the jury's Special Verdict; and (ii) whether the jury's Special Verdict is invalid because the jury failed to follow the Court's instructions and to properly consider the case. Because the Court concludes that -- when it views the facts in the light most favorable to support the verdict -- sufficient evidence supports the jury's verdict, and because it finds that the jury's Special Verdict was not inconsistent and did not reflect a lack of proper consideration of the evidence presented, the Court will deny the motion.

**PROCEDURAL BACKGROUND**

On February 7, 2005, the Plaintiffs filed an Amended Complaint against the Defendants alleging violations of the federal Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA"). See Amended Complaint, filed February 7, 2005 (Doc. 21). Specifically, the Plaintiffs alleged that certain Los Alamos County zoning ordinances were discriminatory and improper land use restrictions under the FHA, and requested the Court award the Plaintiffs compensatory damages, punitive damages, and declaratory and injunctive relief as appropriate. See Amended Complaint at 20-21.

The Court held a jury trial in this case from February 21-24, 2006. See Clerk's Minutes, filed February 21, 2006 (Doc. 112). On February 24, 2006, a jury returned a Special Verdict finding that the Plaintiffs did not prove by a preponderance of the evidence that the Defendants intentionally discriminated against the handicapped or failed to provide a necessary accommodation for the handicapped. See Special Verdict at Question 1A, 1B, 1C, and 1D, filed February 24, 2006 (Doc. 108). The Court entered a Final Judgment in favor of the Defendants and dismissing the Plaintiffs' claims with prejudice on February 28, 2006. See Final Judgment, filed February 28, 2006 (Doc. 109).

In response to the jury's Special Verdict, the Plaintiffs move the Court, pursuant to rule 59(a) and (e) of the Federal Rules of Civil Procedure, for a new trial, or to alter or amend the judgment in favor of the Plaintiff. See Motion for New Trial. The Plaintiffs contend that the evidence presented at trial was insufficient for the jury to find that the Defendants' ordinance allowing eight unrelated persons to live together in a single residence was a reasonable accommodation, and that the Plaintiffs' proffered accommodation -- allowing fourteen unrelated people to live together -- was unreasonable. See Memorandum in Support of Motion for New Trial or to Alter or Amend Judgment at 2, filed March 14, 2006 (Doc. 111)("Plaintiffs' Memorandum"). The Plaintiffs also contend that the jury

failed to follow the instructions of the Special Verdict and failed to properly consider all of the evidence in the case. See id. at 4-6.

## RULE 59

Rule 59 establishes the procedures for seeking a new trial, and for the alteration or amendment of a judgment, in an action pending in federal court. See Fed. R. Civ. P. 59. In cases in which there has been a trial by jury, a district court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). A party seeking relief under rule 59, however, must file any motion requesting relief within ten days after entry of the judgment, and the district court may not extend the time for taking such action. See Fed. R. Civ. P. 59(b), (e); Fed. R. Civ. P. 6(b). A motion under rule 59 that is filed more than ten days after entry of the judgment is treated as a rule 60(b) motion for relief from judgment. See Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

A motion for a new trial that argues that the jury's verdict is contrary to the weight of the evidence presents a question of fact that is reserved to the discretion of the trial court. See Byrd v. Blue Ridge Rural Elec. Coop., Inc., 356 U.S. 525, 540 (1958)("The trial judge in the federal system has . . . discretion to grant a new trial if the verdict appears to him to be against the weight of the evidence."); Brown v. McGraw-Edison Co., 736 F.2d 609, 616 (10th Cir. 1984). Particular deference is given to a trial court's assessment of credibility of testimony, affidavits, and other evidence in the record. See Tanberg v. Sholtis, 401 F.3d 1151, 1160 (10th Cir. 2005).

Where a party has argued that there is not sufficient evidence to support a jury verdict, "the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the

evidence." Snyder v. City of Moab, 354 F.3d 1179, 1187 (10th Cir. 2003)(quoting Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1284 (10th Cir. 1999)). See Loughridge v. Chiles Power Supply Co., 431 F.3d 1268, 1274-75 (10th Cir. 2005)("A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence.")(quoting Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997)); DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 134 (2d Cir. 1998)("A court considering a Rule 59 motion for a new trial must bear in mind . . . that the court should only grant such a motion when the jury's verdict is egregious.")(internal quotation omitted). Accordingly, the court views the evidence in the light most favorable to the prevailing party,[1] see Snyder v. City of Moab, 354 F.3d at 1188, and the jury's judgment must be affirmed "[i]f there is any plausible theory that supports the verdict," Johnson v. ABLT Trucking Co., 412 F.3d 1138, 1144 (10th Cir. 2005).

## ANALYSIS

The Plaintiffs argue that an assessment of the totality of the circumstances in this case leads to the conclusion that the jury was not complying with its duties. See Transcript of Hearing at 20:9-11 (Dahl) (taken May 24, 2006)("Transcript").[2] The Plaintiffs point out that: (i) the jury answered

---

[1]The Circuits appear to be slit over whether the district court should view the evidence in the light most favorable to the prevailing party. The United States Court of Appeals for the Second Circuit has concluded that "a new trial may be granted even if there is substantial evidence to support the jury's verdict," because the trial judge "is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner." Song v. Ives Labs., 957 F.2d 1041, 1047 (2d Cir. 1992). The impact of this different standard may be negligible, however, because the Second Circuit has indicated that, despite the district court's autonomy in considering a motion for a new trial, "the court should only grant such a motion when the jury's verdict is egregious." DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d at 134.

[2]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

questions beyond the instructions in the Special Verdict; (ii) the Court had to issue a curative instruction because a juror was reported to be making comments about the substance of the case before deliberations; (iii) at least one juror appeared to be asleep or not paying attention during certain testimony; and (iv) the jury deliberated for a brief amount of time. The Plaintiffs argue that the Court should conclude from these factors that the jury had some bias which caused them to make up their minds before the case was sent for deliberation. See id. at 19:18 - 20:13. The Plaintiffs further contend that the evidence presented at trial was insufficient to prove by a preponderance of the evidence that their proffered accommodation was unreasonable, and therefore the verdict should be overturned. See Motion for a New Trial at 2; Transcript at 9:18-22 (Dahl). Because the Court disagrees with the Plaintiffs that the jury did not satisfy its obligation to properly consider the evidence and follow the Court's instructions, and because the Court believes that sufficient evidence was presented for the Defendants to meet any burden of proof that may have been imposed upon them, the Court finds that the Plaintiffs received a fair trial and will not order a new trial or amend the judgment in this case.

## I.     THE JURY SUBSTANTIALLY FOLLOWED THE INSTRUCTIONS THAT THE COURT SUBMITTED.

The Special Verdict form presented to the jury instructed that, if the jury were to answer "No" to questions 1A-1D, and therefore find no liability on the part of the Defendants, it was not to answer questions 1E and 1F, which asked whether the Defendants' actions caused the Plaintiffs damages. See Special Verdict at 2. Despite this instruction, the jury answered "No" to questions 1A-1D and 1E and 1F. Plaintiffs characterize these additional findings as creating a "manifest inconsistency" within the Special Verdict and argue that, because the jury answered questions 1E and 1F on the

Special Verdict form, "there arises a valid question as to whether the jury fully read its instructions and whether they comprehended the Special Verdict." Plaintiffs' Memorandum at 4. The Plaintiffs emphasize, however, "that the real question is not so much the inconsistency of the answers, but rather that the jury ignored the Court's instructions regarding the law of the case." Id. at 5.

The Court does not agree that, by answering questions 1E and 1F, the jury demonstrated disregard for the Court's instructions or that the answers are inconsistent with the jury's answers to questions 1A-1D. "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364 (1962). For the Court to find the jury's answers to 1A-1D to be irreconcilably inconsistent with its answers to 1E and 1F, the answers "must be 'logically incompatible, thereby indicating that the jury was confused or abused its power.'" Johnson v. ABLT Trucking Co., 412 F.3d at 1144 (quoting Stone v. Chicago, 738 F.2d 896, 899 (7th Cir. 1984)).

The jury's answers are not logically incompatible. To the contrary, the jury found no liability and therefore no damages. Although the jury may have answered two questions it was not requested to answer, its answers were consistent with the questions it was directed to answer. The United States Court of Appeals for the Tenth Circuit has instructed that, to protect the jury's function, overturning a jury's verdict "is not done lightly." Given the consistency in the answers the jury returned, and in light of the fact that the parties have not cited, and the Court's independent research has not discovered, any case where a new trial was granted on the basis that a jury consistently answered questions they were not obligated to address, the Court believes it would be inconsistent with controlling authorities to set aside the jury verdict for that reason.

-6-

## II. THE RECORD SUPPORTS A CONCLUSION THAT THE JURY DULY CONSIDERED THE EVIDENCE.

The Plaintiffs point out that the jury retired for two hours of deliberations in this case, and that, because one of those hours was the lunch hour, it must be presumed that some of that time was spent ordering and eating lunch. The Plaintiffs argue that, because of the complexity of the issues in this case and the magnitude of the evidence, "it is illogical that the jury could have considered the evidence, deliberated the issues and reached a verdict in such a short time period, especially when they were instructed that they were not to have reached a conclusion prior to deliberations in this matter." Plaintiffs' Memorandum at 6.

In United States v. Lawrence, 405 F.3d 888 (10th Cir. 2005), the Tenth Circuit addressed a similar argument in a case where a jury deliberated for approximately two hours after a four-week jury trial in which a defendant was charged with thirty-six criminal counts involving mail fraud, Medicare fraud, and money laundering. See id. at 894. The Tenth Circuit cautioned that, although the brief nature of deliberations "might provide some indication of whether the jury reached its conclusion with ease or struggled to agree on a verdict, it seems doubtful that the duration of jury deliberations could ever provide certain guidance on the question of whether jurors were biased against the defendant." Id. at 905 n.11. Accordingly, the Tenth Circuit in United States v. Lawrence declined to impute any bias upon the jury, because "although there was a large amount of evidence in this case, two hours is not so short a time as to obviate a serious discussion of the issues." Id. at 905.

Like the Tenth Circuit in United States v. Lawrence, the Court does not believe that the amount of time the jury deliberated in this case indicates any improper bias. The Court notes that

counsel for both parties effectively used the courtroom technology during the trial, and were able to present the jury with a large amount of documentary and visual evidence in an efficient and coherent manner. The Court recognizes that juries are all different and that some juries review each piece of evidence, and that others take votes early on in deliberations and, when each of the jurors are in agreement, may not revisit all of the issues presented at trial. In any case, the Court does not believe that, when it compares the issues the jury was obligated to resolve in this case with the length of its deliberations, the discussion period was so brief that the Court should impute some bias to the jury.

Finally, the Plaintiffs made two arguments at the hearing on this motion -- related to whether the jury duly considered the case -- that they had not raised in their briefing on this motion: (i) one juror's statement before deliberations that another juror had been talking about the substance of the case; and (ii) an allegation that one of the jurors was asleep during crucial testimony in the case. First, the Court notes that this first issue was actually addressed at trial, and at the agreement of both parties, the Court issued a supplemental curative instruction directing the jury not to discuss the case before all of the evidence was presented and before they retired to begin deliberations. See Court's Supplemental Jury Instruction (Given), filed February 24, 2006 (Doc. 107). Second, contrary to the Plaintiffs' belated argument that one of the jurors was asleep during critical portions of testimony, an argument that would have been more properly brought during the trial when the Court could have fully addressed it, the Court believes that the jury was attentive and diligent in their efforts. The Court and its staff pay close attention to the jury during trial, and has no reason to believe that any of the jurors were asleep or inattentive during the presentation of evidence.

The totality of the circumstances in this case do not counsel for a new trial. The length of time the jury deliberated in this case was not so brief as to obviate serious discussion of the issues,

the jury was properly instructed not to discuss the case before retiring for deliberations, and the individual jurors were attentive throughout. The Court finds that the jury duly considered the evidence in this case.

### III. THE JURY'S VERDICT WAS NOT AGAINST THE WEIGHT OF THE EVIDENCE.

The Plaintiffs argue, for the purposes of this motion, that "it can[not] seriously be argued" that they established a prima facie case that the Defendants failed to make a reasonable accommodation for the handicapped. See Plaintiffs' Memorandum at 2. The Plaintiffs contend that, once they established a prima facie case, the burden shifted to the Defendant to prove, among other elements, that the Plaintiffs' proffered accommodation was unreasonable, and that the evidence the Defendants presented was legally insufficient to make this proof. See id. at 2-3.

The Defendants counter, without conceding that they failed to meet this burden, that they were not obligated to make this proof. The Defendants argue that the jury could have found that the Plaintiffs' failed to establish the fifth element of their prima facie case, "that the plaintiff's requested accommodation – allowing up to fourteen persons in a residential group home for the elderly – was necessary to afford handicapped persons an equal opportunity to use and enjoy housing," and thus, no burden of proof ever shifted to the Defendants. Court's Final Jury Instructions (Given), Instruction No. 3, at 5, filed February 24, 2006. See Defendants' Response to Motion for New Trial or to Alter or Amend Judgment at 2, filed March 31, 2006 (Doc. 114)("Defendants' Response"); Transcript at 13:21 - 14:9 (Bartell). The Defendants contend that a reasonable jury could have concluded that it was not necessary to allow fourteen residents in one home, because the evidence was sufficient to establish by a preponderance of the evidence that eight-resident homes were economically viable in Los Alamos County. See Defendants' Response at 2-3. In support of this

argument, the Defendants point to the cross-examination of the Plaintiffs' expert, Eric Christensen, and the testimony of the Defendants' expert, Edward Street, as well as evidence relating to income levels of Los Alamos County residents, and cash-flow projections of a potential investor considering the profitability of an eight-resident facility in the county. See id. at 3.

The Defendants further argue that, even if the burden of proof did shift, there was substantial evidence presented from which the jury could have reasonably concluded that the Plaintiffs' proffered accommodation was unreasonable. See id. at 4. The Defendants maintain that the meeting minutes of the Planning & Zoning Commission and the testimony of Nancy Cerutti both indicate that there were substantial community concerns about allowing fourteen people to reside in group homes in areas zoned for single-family occupancy. See id. These concerns ranged from overcrowding, inadequate parking facilities, and the affect on the residential character of Los Alamos neighborhoods. See id.; Transcript at 15:1-11 (Bartell).

The Court agrees with the Defendants and believes that, based on the evidence presented, the jury could have reasonably concluded that the Plaintiffs had failed to establish that their requested accommodation was necessary. It also agrees that, even if the burden had shifted to the Defendants, there was enough evidence presented for the jury to find the Plaintiffs' requested accommodation was unreasonable. The jury was free to consider all of the evidence both parties presented, and to afford the evidence the weight it believed that evidence deserved. The evidence presented at trial was not so overwhelming that the jury's verdict is contrary to law, and thus, the Court will not overturn the jury's verdict. The Court will not grant a new trial or alter or amend the judgment in the Plaintiffs' favor.

**IT IS ORDERED** that the Plaintiffs' Motion for New Trial or to Alter or Amend Judgment

is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jeffrey A. Dahl
Lamb, Metzgar, Lines & Dahl, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Randy S. Bartell
Carolyn A. Wolf
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

    *Attorneys for the Defendants*